UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>     **Plaintiff,**<br><br> **vs.**<br><br>**RONALD WARD**<br><br>     **Defendant.** | **CASE NUMBER: 1:15CR61-001**<br>**USM Number: 15350-027**<br><br>**NIKOS C. NAKOS**<br>**DEFENDANT'S ATTORNEY** |

## JUDGMENT IN A CRIMINAL CASE

**THE DEFENDANT** pled guilty to Count Four (4) of the Indictment on 8/1/2016.

**ACCORDINGLY,** the Court has adjudicated that the Defendant is guilty of the following offense:

| Title, Section & Nature of Offense | Date Offense Ended | Count Number |
|---|---|---|
| FALSE INCOME TAX RETURN | January 19, 2012 | 4 |

The Defendant is sentenced as provided in pages 2 through 5 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Counts One (1), Two (2), and Three (3) are DISMISSED on Government motion.

October 7, 2016
Date of Imposition of Judgment

s/ Theresa L. Springmann
Signature of Judge

Theresa L. Springmann, United States District Judge
Name and Title of Judge

October 7, 2016
Date

## IMPRISONMENT

The Defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **TWELVE (12) MONTHS AND ONE (1) DAY.**

The Defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this Judgment as follows:

    Defendant delivered _____ to _____ at _____, with a certified copy of this Judgment.

_____
UNITED STATES MARSHAL

By: _____
DEPUTY UNITED STATES MARSHAL

# SUPERVISED RELEASE

Upon release from imprisonment, the Defendant shall be on supervised release for a term of **ONE (1) YEAR.**

# CONDITIONS OF SUPERVISED RELEASE

**While the Defendant is on supervised release pursuant to this Judgment, the Defendant shall comply with the following conditions as required by 18 U.S.C. § 3583(d):**

1. The Defendant shall not commit another Federal, State, or local crime, during the period of supervision.

2. The Defendant shall not unlawfully possess a controlled substance.

3. The Defendant shall refrain from any unlawful use of a controlled substance.

4. The Defendant shall submit to a drug test within 15 days of release on supervision.

5. The Defendant shall submit to at least two periodic tests thereafter for use of a controlled substance.

6. The Defendant shall cooperate in the collection of a DNA sample from the Defendant, if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2002.

**The Defendant shall comply with the following discretionary conditions as provided by 18 U.S.C. §§ 3563(b)(1)-(23) and 3583(d):**

7. The Defendant shall not knowingly leave the jurisdiction of the Northern District of Indiana, unless granted permission to leave by the Court or a Probation Officer. A map of the jurisdiction of the Northern District of Indiana and its 32 counties can be found at the website for the United States Probation and Pretrial Services. (www.innp.uscourts.gov/offices/offices.html)

8. The Defendant shall report to the Probation Officer as reasonably directed by the Court or the Probation Officer.

9. The Defendant shall answer inquiries by a Probation Officer pertaining to his supervision and notify the Probation Officer within 72 hours of any change in residence or change of employer. This condition does not prevent the Defendant from invoking his Fifth Amendment privilege against self-incrimination.

10. The Defendant shall notify the Probation Officer within 72 hours of being arrested or questioned by a law enforcement officer.

11. The Defendant shall permit a Probation Officer to visit him at his home between the hours of 8:00 AM to 8:00 PM. A Probation Officer can make an oral or written request to the Court to allow for a reasonable alternative time period or place for the visit.

12. The Defendant shall make reasonable effort to maintain employment at a lawful occupation, unless excused by the Probation Officer for acceptable reasons (e.g., schooling, training, childcare, eldercare, disability, age, or serious health condition) or shall pursue a course of study or vocational training that will equip the Defendant for employment at a lawful occupation.

13. The Defendant shall not meet, communicate, or otherwise interact with a person whom he knows to be engaged, or is planning to be engaged, in criminal activity.

14. The Defendant shall not knowingly possess a firearm, destructive device, or any other dangerous weapon.

15. The Defendant shall make restitution to the victim of the offense as follows:

    Internal Revenue Service                    $48,311.00

16. The Defendant shall not be employed or seek employment as a tax return preparer. Additionally, the Defendant shall not practice or seek to practice in front of the Internal Revenue Service (IRS) as an enrolled agent or otherwise.

**The Defendant shall comply with the following discretionary conditions as provided by U.S.S.G. § 5D1.3:**

17. The Defendant shall not physically, voluntarily, and intentionally be present at a place that he knows or has reason to know, that controlled substances are illegally sold, used, manufactured, distributed, or administered.

18. The Defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency, without the permission of the Court.

19. The Defendant shall participate in a program approved by the United States Probation Office for substance abuse, if necessary after evaluation at the time of release.

20. The Defendant shall pay all or part of the costs for participation in the above program not to exceed the sliding fee scale as established by the Department of Health and Human Services and adopted by this Court, as the U.S. Probation Office determines that the Defendant is financially capable of paying. Failure to pay, due to financial inability to pay, shall not be grounds for revocation.

21. The Defendant shall pay the special assessment imposed in accordance with 18 U.S.C. § 3013. The Defendant's default on the payment of the special assessment may result in revocation and penalties being ordered under 18 U.S.C. §§ 3013(b) and 3613.

22. The Defendant shall be prohibited from incurring new credit charges or opening additional lines of credit without approval of the Probation Officer unless the Defendant is in compliance with the installment payment schedule imposed for payment of restitution.

23. The Defendant shall provide a Probation Officer with specific financial information regarding the Defendant's ability to pay restitution, upon a written or oral request by a Probation Officer, made to and approved by the Court. The request must be prompted

by the Defendant's failure to comply with a payment schedule ordered for a period of sixty (60) consecutive days, and the request must describe the specific financial information needed for determining the Defendant's current ability to pay.

## CRIMINAL MONETARY PENALTIES

The Court **ORDERS** the Defendant to pay the special assessment of $100 (one-hundred dollars) to the U.S. District Court Clerk's Office, 1108 E. Ross Adair Courthouse, 1300 South Harrison Street, Fort Wayne, IN 46802, which shall be due immediately.

The Court **ORDERS** the Defendant to pay restitution in the amount of $48,311.00 (forty-eight thousand, three-hundred and eleven dollars) to the U.S. District Court Clerk's Office, 1108 E. Ross Adair Courthouse, 1300 South Harrison Street, Fort Wayne, IN 46802, which shall be due immediately, to be disbursed to the following victim:

| | |
|---|---|
| Internal Revenue Service | $48,311.00 |

**Restitution shall be paid at a minimum rate of $50.00 (fifty dollars) per month commencing one (1) month after placement on supervision until said amount is paid in full.** The imposed payment schedule will remain in effect until such time as the Court is notified by the Defendant, victim, or Government that there has been a material change in the Defendant's ability to pay.

The Court finds that the Defendant does not have the ability to pay interest and waives the interest requirement in this case due to the Defendant's inability to pay.

The Court finds that the Defendant does not have the ability to pay a fine and waives the imposition of a fine in this case due to the Defendant's inability to pay.

| **Total Assessment** | **Total Fine** | **Total Restitution** |
|---|---|---|
| $100 | NONE | $48,311.00 |

The Defendant shall receive credit for all payments previously made toward any criminal monetary payments imposed.